Kraft–Holmes Grocery Co. v. Crow.

---

KRAFT–HOLMES GROCERY COMPANY *et al.*, Plaintiffs in Error, v. ROSS M. CROW *et al.*, Defendants in Error.

St. Louis Court of Appeals, May 14, 1889.

1. **Practice, Trial:** PARTIES. Plaintiffs, suing "for themselves and other creditors" of a defendant corporation, can not by this means bring into court for adjudication the rights of such other creditors, when nothing appears to indicate that the plaintiffs are trustees of an express trust for their benefit. Such other creditors, not being named as real parties in interest in the suit, have no standing in court

2. **Practice, Trial:** JUDGMENT FINAL OR INTERLOCUTORY. Where the plaintiffs obtained a final judgment against the only defendant from whom they were entitled to any relief, they have no right to complain that their judgment should have been interlocutory, instead of final.

3. **Corporation:** FULL PAID STOCK. Where a corporation is organized on the basis of its stock being paid up in full, and it appears that one-third was paid up in cash, and the remainder in a stock of goods, whose sufficiency of value is not questioned, the requirements of the law are substantially complied with, and no cause of action in any form can be based upon a charge of non-payment of the capital stock.

4. **Corporate Stock:** TRUST FUND: DIRECTORS. Although it is an established rule that the stock of a corporation is a trust fund for its creditors, yet it has never been held that the directors are trustees for the creditors, and are bound as such for the profitable management of the business of the corporation, or that they may not deal with the corporation as an outsider may, or loan money to it in like manner upon suitable security, and by fair business methods.

5. **Corporation**: DIRECTOR: APPROPRIATION OF ASSETS. Where it is charged and not denied that a director has received and appropriated to his own use a considerable number of accounts due to the corporation, while it was insolvent, but that the same were intended, so far as they would go, to pay the interest accruing upon large loans made by the director to the corporation; and it also appears that promissory notes of the corporation to large amounts were given to the same director, and that such notes represented *bona fide* advances made by him to the corporation, so that he was, in fact, a larger loser by the insolvent corporation, than all its other creditors taken together, and no fraud or unfairness on his part is shown by the evidence, no action can be maintained against him, for an accounting or otherwise, by the creditor plaintiffs in this proceeding.

*Error to the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Frank M. Estes* and *T. M. Lowe*, for the plaintiffs in error.

The directors of a corporation which has become hopelessly insolvent, remaining in possession of corporate assets, are *quasi* trustees thereof for the equal benefit of all the creditors. Mor. on Corp., sec. 581, 240; *Sawyer v. Hoag*, 17 Wall. (U. S.) 610; Thompson, Liability, etc., sec. 23, p. 397. Directors of a corporation can not lawfully appropriate the corporate assets in payment of their own debts, to the exclusion of other creditors of the corporation. *Marr v. Bank*, 4 Cold. (Tenn.) 484; *Foster v. Mullanphy Co.*, 16 Mo. App. 157; *Sprague Co. v. Goods Co.*, 26 Fed. Rep. 572; *Association v. Kellogg*, 52 Mo. 590; *Williams v. Jackson Co.*, 23 Mo. App. 132. The capital stock of a corporation is a trust fund held by the corporation for the benefit of all its creditors. *Hutchinson v. Green*, 91 Mo. 367; *Eppright v. Nickerson*, 78 Mo. 490; *Haskell v. Sells*, 14 Mo. App. 91; *Powell v. Railroad*,

42 Mo. 68. The directors of a corporation are trustees and agents of it and the stockholders, and are governed by the same rules as are applied to trustees and agents. *Bent v. Priest*, 86 Mo. 475; *Singly v. Ins. Co.*, 45 Mo. 110; *Abbott v. Railroad*, 23 Barb. (N. Y.) 580. All business transactions between the officers and the corporation are voidable, and are not upheld unless shown to be fair and free from suspicion. *Choutcau v.. Allen*, 70 Mo. 338; *Brewster v. Startman*, 4 Mo. App. 41; *Patrick v. Gas Co.*, 17 Mo. App. 462. The judgment was irregular and erroneous. Freem. Judg., sec. 43; *Brown v. Richardson*, 4 Robt. 603; 2 Daniel Chan., p. 952; Story Eq. Plead. [ 8 Ed.] sec. 99.

*John W. Booth*, for the defendants in error.

The capital stock of the corporation was all paid. Crow paid his in cash. Bennett and Wishon paid theirs in merchandise. That was a legal payment, but even if it were not a payment, it would give the plaintiffs no right to relief in this suit against Crow. Cook on Law of Stockholders, sec. 34 and note 4; secs. 44, 47; Thompson on Stockholders, sec. 134; *Liebke v. Knapp*, 79 Mo. 23. The selling of goods by the corporation on mining orders issued by Bennett and charging the same to Bennett was legitimate, and furnished no ground of recovery against defendant Crow. *City of St. Louis v. Alexander* [Opinion of Judge RYLAND] pp. 528, 529 and 530; *Foster v. Mullanphy Co.*, 16 Mo. App. 150, 153; *Williams v. Jackson Co.*, 23 Mo. App. 139, There was nothing. in any of these matters to impose a personal liability upon Crow. Thompson on Stockholders, pp. 400, 401. *Fusz v. Spaunhorst*, 67 Mo. 264; *Watts' Appeal*, 78 Penn. St. 370. The judgment was in proper form. It set out no special finding of facts; it was not necessary that the court should set out its finding. It will be presumed that the court found the facts necessary to support its judgment.

ROMBAUER, P. J., delivered the opinion of the court.

The petition in this case purports to be a creditor's bill filed by the Kraft–Holmes Grocery Company, and Dodd, Brown & Co., on behalf of themselves and all other creditors of the Bennett and Wishon Mercantile Company, a corporation, against the defendants Crow, Bennett, and Calvird, directors, for an account of assets of the corporation, which they are charged to have illegally appropriated to their own use.

The petition is very voluminous, but for the purposes of this review, it suffices to state that it makes in substance the following charges :

The defendants Crow and Bennett, and one Wishon, executed and recorded articles in the year 1880, as a trading corporation. The articles thus recorded stated that the capital stock was fifteen thousand dollars, divided into one hundred and fifty shares of one hundred dollars, and all paid in, each of the three subscribers having subscribed for and paid for one-third, that is to say five thousand dollars. The statement as to the subscription and payment contained in said articles was false, and the defendant Calvird when he subsequently became a shareholder and director knew it to be false, because no part of said capital stock was paid up in lawful money of the United States. In May, 1882, Wishon sold out, the defendants Crow and Bennett each buying twenty-four of his fifty shares and the defendant Calvird buying two shares, and taking the place in the board vacated by Wishon. The defendant Bennett speculated with the assets and moneys of the corporation in mining ventures for his individual benefit, with the knowledge and consent of his co-directors, and never accounted to the corporation for such profits, but wasted and lost in such ventures with the consent of his co-directors, twenty thousand dollars. The defendant Crow speculated

in a similar manner in live stock, and wasted, in such speculations, ten thousand dollars of the assets of the company. The defendants Bennett and Crow used assets of the corporation to the amount of twenty-four thousand dollars in buying out and carrying on secretly another business, for their own individual benefit, with Calvird's knowledge, and wasted and lost in that business five thousand dollars of the corporate assets.

The petition further states the following facts: The three defendants fraudulently, and without consideration, conveyed to one Joseph Crow, the father of the defendant Crow, a parcel of real estate owned by the corporation, for a pretended consideration of two thousand dollars, such real estate being of the value of thirty-five hundred dollars. With a similar fraudulent intent, they executed the note of the corporation to the defendant Crow for seven thousand dollars, and fraudulently delivered to him in part payment of said note $1615.37 of the accounts of the corporation. With a similar fraudulent intent they subsequently executed a note to the defendant Crow for three thousand dollars, and delivered to him, on account thereof, notes and accounts of the corporation of the value of six hundred dollars, and that by the means aforesaid assets of the value of twenty-five hundred dollars, property of the corporation, were wasted.

The petition then sums up by aggregating the losses thus sustained, by the corporation, by the wrong and negligence of the defendant directors, at fifty-two thousand dollars, and further states, that the plaintiff, the grocery company, is a creditor of the corporation to the amount of $1167.20, and the plaintiffs, Dodd, Brown & Co., are creditors to the amount of $333.27, but that there are other creditors recited in detail in the petition, the claims of all creditors aggregating the sum of $12,553.24, and that the plaintiffs sue for themselves and such other creditors.

The petition further states that in February, 1884, the corporation made a general assignment of all its property to one Newman, who took possession of all the property in sight, and administered upon it paying to the plaintiffs and others a dividend of five per cent., which exhausted the assets in his hands ; that the assignee and the shareholders of the corporation, although requested, fail, neglect, and refuse to institute any proceedings for the recovery of such assets ; wherefore the plaintiffs pray for an account, and for general relief.

Each of the three defendants filed a separate answer. The answer of the defendant Crow, after denying the charges made in the petition in detail, states the following facts affirmatively : The note of three thousand dollars, executed to Joseph Crow, was executed for value received by the corporation, and the real estate of the corporation mentioned in the petition was attempted to be conveyed to him, in part payment of said note ; the conveyance thus attempted failed for failure of affixing the corporate seal to the deed, and the property was subsequently levied on and sold under an execution against the corporation, and exhausted, to pay its debts.

The answer of Crow further states that the two notes of the corporation to him for three thousand dollars, and seven thousand dollars respectively, were executed for value received by the corporation, and that the bills and accounts, mentioned as transferred to him, were transferred in payment of the accrued interest on such notes ; that he exhibited these claims before the assignee for allowance, and upon the assignee refusing to allow them, appealed to the circuit court which did allow them, rendering a judgment for $10,856, in his favor against the corporation, which judgment is still in force and unreversed ; that the assignee has since been finally discharged, and that the corporation is still

indebted to him in the sum of $10,856 less five per cent. dividend thereon paid by the assignee.

The answer of the defendants Bennett and Calvird specifically denied all the averments of the petition.

The new matter set out in the defendant Crow's answer was not denied by reply, nor was any evidence whatever introduced by the plaintiffs disproving the same. On the contrary, the defendant Crow introduced evidence substantiating it.

The court, after hearing the evidence, rendered judgment against the defendant Bennett, for the full amount of the claims of both the plaintiffs against the corporation and dismissed the bill against the defendants Crow and Calvird. From this judgment the plaintiffs prosecute the present appeal, assigning the following errors:

(1) The judgment is against the evidence and the weight of evidence adduced at the trial.

(2) The court erred in dismissing the plaintiffs' bill as to the defendants, Crow and Calvird.

(3) The judgment is erroneous in substance and form.

(4) The judgment should have been against all of the defendants and in favor of all of the plaintiffs.

(5) The judgment is against both equity and the law of the case.

(6) The judgment should have been against all of the defendants for the total amount of their indebtedness to the corporation and interlocutory in form, so as to permit the creditors to come in and prove up their claims.

We gather from the plaintiffs' brief, that the first error they complain of is, that the judgment is irregular because final, instead of interlocutory in form. The plaintiffs seem to assume that all the creditors of the corporation, named in the schedule which forms part of their petition, were parties plaintiff in this action, and

made such by the allegation that the plaintiffs sue on their own behalf and for all other creditors. This is an obvious mistake. In this state, an action must be prosecuted *in the name* of the real party in interest, although it may be prosecuted by a statutory trustee or trustee of an express trust, without joining with him the person for whose use the suit is prosecuted. R. S., secs. 3462 and 3463. These provisions apply to all actions, whether they are legal or equitable. Whether other creditors of the corporation might have come in at any time before final judgment it is needless to discuss. Suffice it to say that they did not come in, or attempt to come in, and that there is nothing either in the petition or evidence, making the plaintiffs trustees of an express trust, or giving the other creditors any standing whatever in the trial court. We are aware of no principle on which the court could make a judgment affecting the rights of parties not before it, either in person, or by such representation as the statute permits.

Nor can we see, on the other hand, how the plaintiffs can assign for error that the judgment of the court in their favor should have been interlocutory only, instead of final. If by the judgment rendered they obtained full relief against the only defendant against whom they were entitled to any relief, under the evidence, it certainly does not lie in their mouth to say that the judgment should have been for partial relief only.

This brings us to the only question which is entitled to any serious consideration, namely, whether the plaintiffs were entitled to any relief whatever against the defendants Crow and Calvird.

When the corporation was formed, the defendant paid his subscription of five thousand dollars to the capital stock in cash to the corporation. This is conceded on all hands. The other stockholders, Bennett and Wishon, paid their subscription in a stock of

goods at the Sullivan store.   There is nothing to show that the valuation of these goods was fraudulent, or that they were not of the full value at which they were taken by the corporation.   Both this court and the supreme court have decided that the statutory mandate requiring the stock to be paid for in lawful money of the United States is substantially complied with by a payment in good faith in property.   The rule is the same whether the action is one on behalf of the state, questioning the validity of the charter, as was the case in *State ex rel. v. Wood*, 13 Mo. App. 139; s. c., 84 Mo. 381, or one on behalf of the creditor, questioning the fact that the stock has been fully paid, as was the case in *Liebke v. Knapp*, 79 Mo. 22.   We must therefore conclude at the outset, that the plaintiffs have shown no cause of action by their evidence against either defendant, based upon the non-payment of the capital stock.

The plaintiffs have failed in their brief, or argument, to call our attention to any evidence in the record showing a fraudulent conversion by either Crow or Calvird of corporate assets to their own use.   The charge in the petition that Crow used such assets in his individual ventures is wholly devoid of truth, and as against Calvird no such charge is even made.   That the corporation did a losing business from the outset, is apparent from the fact that its capital stock was impaired to the extent of six thousand, five hundred and eighty-six dollars, the first year of its existence, and it does not appear that it ever made any money thereafter. When Wishon sold out in May, 1882, the corporation was probably already hopelessly insolvent, and only tried to bridge over by successive loans from the two Crows, father and son.   Such loans amounted to thirteen thousand dollars and more, the principal of which remains unpaid to this day.   That these loans were

made and remain unpaid, stands conceded by the evidence, nor is there anything to show that they were not made in perfect good faith.

The plaintiffs' entire case on this branch of the controversy is attempted to be supported, on some vague idea of equity, that the directors of a corporation are trustees for its creditors, and are liable to the latter as such for the mismanagement of the corporate business, but we are referred to no case supporting this extraordinary claim. That the capital stock of a corporation is a trust fund for its creditors, is now the established American rule, but that does not constitute the directors trustees of creditors in the management of the corporate business. Where the transaction is free from fraud, a director of the corporation may deal with the corporation, like an outsider, loan money to it, and secure himself upon such loans by ordinary fair business means. The law on that subject is fully discussed, upon a full review of the authorities by Judge BAKEWELL, in *Forster v. Mullanphy Planing Mill Co.*, 16 Mo. App. 152, affirmed 92 Mo. 79.

Nor would it make any difference, if Crow, at the date of these advances, had known of the insolvency of the corporation, as it can not be regarded as a fraud upon the creditors of a corporation to put money into its treasury, and to take the unsecured notes of the corporation in exchange. The fact that he did make these advances and did take the unsecured paper of the corporation in return, is best evidence of the fact that he acted in good faith, and was not aware of the insolvency of the corporation, as he states, until immediately preceding the execution of the deed of assignment.

The evidence shows that the losses of Crow in connection with this corporation are greater than those of all the other creditors taken together. There is no evidence, beyond some circumstances claimed to be suspicious, that he ever received any of the assets of the

corporation outside of some bills receivable and accounts transferred to him in payment of the accrued interest on loans at their face value. There is nothing to show the value of these bills and accounts except his own evidence, which places their value at a little above ten per cent. of their face value. As to Calvird, there is no evidence, whatever, upon which he could be charged on any theory. Upon a careful review of all the evidence we see no error on the part of the trial court in dismissing the bill against Crow and Calvird.

All the judges concurring, the judgment is affirmed.